May 6, 1993 [NOT FOR PUBLICATION]
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1316

IN RE TRUSTEES OF BOSTON UNIVERSITY,

Petitioners.

ON PETITION FOR WRIT OF PROHIBITION TO

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Selya, Circuit Judge,

Feinberg,* Senior Circuit Judge,

and Stahl, Circuit Judge.

Alan D. Rose, with whom Charles R. Parrott, Matthew D.

Poppel, Nutter, McClennen & Fish, Michael B. Rosen, and Dennis C.

Hart were on brief, for petitioners.

Dahlia Rudavsky, with whom Ellen J. Messing and Shilepsky,

Messing & Rudavsky, P.C. were on brief, for respondents.

*Of the Second Circuit, sitting by designation.

Per Curiam. The trustees of Boston University petition
Per Curiam.

for issuance of a writ of prohibition which, if granted, would

vitiate two district court orders concerning the production of a

document. We temporarily stayed the orders, expedited appellate

proceedings, ordered the district court to inspect the document

in camera, received both the district court's findings and the

disputed document, and entertained oral argument. We now decline

to issue the requested writ and dismiss the petition.

We need not wax longiloquent. It suffices to say that

writs of mandamus and prohibition we use the terms

interchangeably "are drastic remedies" that "must be used

sparingly and only in extraordinary situations." In re Pearson,

No. 92-2158, slip op. at 4 (1st Cir. Mar. 16, 1993). Among other

things, the writ-seeker must establish a "clear and indisputable"

right to the relief requested. Bankers Life & Cas. Co. v.

Holland, 346 U.S. 379, 384 (1953) (quoting United States v.

Duell, 112 U.S. 576, 582 (1899)). In effect, a petitioner must

show "that the challenged order is palpably erroneous." Pearson,

slip op. at 6. We apply this high standard with particular

vigilance to orders such as the one at issue here because, as we

have repeatedly cautioned, "[i]nterlocutory procedural orders . .

. rarely will satisfy this precondition for mandamus relief." In

re Recticel Foam Corp., 859 F.2d 1000, 1006 (1st Cir. 1988).

After all, "[d]ecisions regarding the scope of discovery . . .

and the protections to be afforded parties in the discovery

process, are ordinarily left to the informed judgment of the

3

district judge . . . ." Id.

In this case, we have examined the petitioners' claim

of attorney-client privilege in light of the record, the parties'

arguments, the disputed document itself, the district court's

specific findings, and the applicable law. We are firmly

convinced that the district court's turnover order is not

palpably erroneous. Thus, the petition falls squarely within the

generality of the aforestated rule, not within the long-odds

exception to it.

The petition for issuance of a writ of prohibition is

denied and dismissed, the stay previously issued is dissolved,

and the case is remitted to the district court for further

proceedings. Mandate shall issue forthwith. Costs in favor of

respondents.

4